UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:17-cr-00198-LJO |
| Plaintiff, | ORDER RE DEFENDANT'S MOTIONS *IN LIMINE* |
| v. | |
| FILIBERT CHAVEZ, | |
| Defendant. | |

Defendant Filibert Chavez has filed three motions *in limine*. ECF No. 424.

Defendant's first motion *in limine* appears to concern the possible offer by the government of the statement of a co-conspirator concerning Defendant's conduct in drug trafficking and prostitution. *Id.* at 2. In response, the government clarifies that the material of which Defendant appears to be concerned (recordings, written reports summarizing witness statements, and some transcripts of those interviews) was turned over to Defendant as Jencks material without the government making any representation that the entire scope of that information would be introduced at trial. ECF No. 428 at 2-3. Therefore, it is difficult at this time to pin down the information in dispute. That said, the Federal Rule of Evidence 404(b) exception that permits evidence of other crimes for the purpose of showing "knowledge" is broad. The Court cannot tell until the time of trial whether the evidence in question will fall within the scope of any of the "permitted uses" under Rule 404(b)(2) such as the knowledge exception, or would otherwise be admissible, as, for example, evidence that is "inextricably intertwined" with the charged offense. *See United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987). Therefore, the motion is DENIED without prejudice to its renewal at trial. There is also some suggestion that the witness will testify about Defendant's involvement in a drive-by

1

shooting to show Defendant is a violent person. This would not be a proper purpose under Rule 404(b). Any of the other potential objections raised by Defendant are either unsupported (e.g., lack any semblance of veracity, late discovery) or are premature, pending any attempt to lay the foundation (e.g., lack of foundation, hearsay objections).

Defendant's second motion *in limine* requests exclusion of certain photographs from Defendant's Instagram and Snapchat accounts, including photos of women on leashes, women on their knees, and various body parts with tattoos. Defendant's objection that images are not relevant and are unduly prejudicial is OVERRULED without prejudice. While they are "distasteful," Defendant is charged with conspiring to engage in interstate transportation for prostitution and the use of a cell phone to promote prostitution. The images arguably relate to his role in that conduct. Moreover, the government represents that the images existed at the time of the charged offenses and are sufficiently similar to be considered either as "inextricably intertwined" with the charged conduct, *see id.*, or as "other act" evidence that is permissible for one of the purposes set forth in Fed. R. Evid. 404(b). *See United States v. Bracy*, 67 F.3d 1421, 1432 (9th Cir. 1995). Defendant's hearsay objection is OVERRULED as well, as the images would not be offered for their truth but to prove motive, intent, opportunity, knowledge, and absence of mistake.

Defendant's third motion *in limine* requests a limiting instruction to be used in the event that evidence, presumably the evidence discussed above, is admitted for a specific purpose. The parties' joint proposed instructions contain an appropriate instruction for this purpose. The government does not oppose its use should doing so become necessary. Accordingly, this motion is moot.

IT IS SO ORDERED.

Dated: **May 6, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE