UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FILIBERTO CHAVEZ,<br><br>Defendant. | Case No. :17-CR-00198 JLT SKO<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. §2255<br><br>(Doc. 741) |

On December 13, 2023, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, raising several ineffective assistance of counsel claims and requesting an evidentiary hearing. (Doc. 722.) On December 14, 2023, the Court entered a minute order directing the government to file any response on or before February 12, 2024. (Doc. 723.) On April 11, 2024, the government filed a request for an extension of time to file its response, indicating that it failed to properly calendar the deadline due in part to the large number of other post-conviction motions filed and related deadlines set during that time. (Doc. 741.) On April 12, 2024, apparently yet unaware of the government's extension request, Defendant filed a document requesting that the Court issue an order to show cause to the government regarding its non-response and then set a "short" deadline for the government to respond to his § 2255 Motion. (Doc. 744.)

1    Federal Rule of Civil Procedure 6(b)(1)(B) allows this Court to grant an untimely request
2 to extend a deadline to respond to a § 2255 motion, provided that the failure to file a timely
3 motion was due to excusable neglect. *See Woolsey v. United States*, No. CV-21-00027-TUC-RM,
4 2021 WL 3883594, at *2 (D. Ariz. Aug. 31, 2021) (granting extension request filed several
5 months after response deadline expired where government failed to properly calendar deadline;
6 counsel was involved in numerous other matters, the extension request was the first one in the
7 case; and the record did not suggest the extension was for the purpose of delay). To determine
8 whether excusable neglect has been shown, the Court should consider all the relevant
9 circumstances regarding the missed deadline, including any prejudice to the nonmovant party, the
10 length of the delay and potential impact on the judicial proceedings, the reason for the delay, and
11 whether the movant has acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*
12 *P'ship*, 507 U.S. 380, 395 (1993).
13    Here, a finding of excusable neglect is appropriate. The government offers a reasonable
14 excuse for the missed deadline; the length of delay will not be excessive, given that the
15 government proposes to move forthwith for a waiver of the attorney client privilege; relatedly, the
16 prejudice to the nonmoving party will be minimal, as the government routinely requests and is
17 afforded extensions of time to move for a waiver of the attorney client privilege and obtain a
18 declaration from allegedly ineffective counsel; and there is no indication in the record that the
19 government is acting in bad faith.  Accordingly, the Court **ORDERS:**
20    (1) The government shall file any motion for waiver of attorney client privilege on or
21       before **April 22, 2024**.
22    (2) Defendant may file any response to the waiver motion on or before **May 20, 2024**.
23    (3) The government shall file a response to the Defendant's § 2255 motion within **45**
24       **days** following the Court's ruling on the waiver motion.
25 ///
26 ///
27 ///
28 ///

(4) Defendant may file an optional reply, if any, **45 days** after the Government's response is due.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

_____
UNITED STATES DISTRICT JUDGE