**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FILIBERTO CHAVEZ,<br><br>　　Defendant. | Case No: 1:17-CR-00198-JLT-SKO-2<br><br>ORDER RE RESPONSE TO COURT ORDER GRANTING PARTIAL WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE<br><br>(Doc. 757) |

　　In his motion to vacate, set aside or correct his sentence brought pursuant to 28 U.S.C. § 2255 Defendant advances at least one claim of ineffective assistance of counsel (IAC). (Docs. 722, 744.) In response to the Government's April 22, 2024 motion (Doc. 752), which Defendant did not oppose, the Court entered an order on May 29, 2024, partially, but conditionally, waiving the attorney-client privilege as to communications between Defendant and his former trial counsel, Yan Shrayberman, concerning facts and events related to the IAC claims, and permitting attorney Shrayberman to provide the Government with a declaration addressing those facts and events and to disclose related communications. (Doc. 756.) As an alternative to the waiver, the Court permitted Defendant 14 days to withdraw his IAC claims. (*Id*.)

　　In a document dated June 21, 2024, Defendant requests that the Court "deny the [Government's] all encompassing request for his case file communique and order them to comply with Rule 6." (Doc. 757.) In support of this request, Defendant cites *United States v. Kalfsbeek*, No. 2:05-CR-0128 LKK

1

AC, 2013 WL 129409, at *2 (E.D. Cal. Jan. 9, 2013), where the assigned magistrate judge declined to issue a definitive ruling on waiver until the government submitted a specific request for discovery under Rule 6 of the Rules Governing Section 2255. Though the approach taken in *Kalfsbeek* appears to be procedurally permissible, so too is the approach the Court has taken here. It is routine for Courts in this District and elsewhere to enter orders pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), that simultaneously: (a) acknowledge that IAC claims trigger a limited waiver of the attorney client and work product privileges; (b) generally delineate the scope of any potential discovery; and (c) offer the Defendant the opportunity to withdraw the IAC claim(s) in order to avoid the limited waiver's applicability. *See, e.g., United States v. Hernandez*, No. 1:12-CR-00382-NODJ-BAM, 2024 WL 150252, at *1 (E.D. Cal. Jan. 12, 2024); *United States v. Jaramillo*, No. 1:18-CR-00014-JLT-SKO, 2023 WL 5487347, at *1 (E.D. Cal. Aug. 24, 2023); *United States v. Mirando*, No. CV 23-4498 PA, 2023 WL 10407048, at *1 (C.D. Cal. July 5, 2023); *United States v. Thomas*, No. 1:17-CR-00296-ABA-BAM, 2022 WL 4483918, at *1 (E.D. Cal. Sept. 27, 2022).

"In performing their constitutional duties, the federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003). But the waiver to be applied is not unlimited and it is up to the trial court to "enter appropriate orders clearly delineating the contours of the limited waiver before the commencement of discovery, and strictly police those limits thereafter." *Id*. at 728. Here, the Court's prior order already limits the waiver of the attorney-client privilege to communications between Defendant and his trial counsel as to events and facts related to the IAC claims raised in Defendant's § 2255 motion. (Doc. 756.) Defendant's demand that the Government submit a more specific Rule 6 request[1] puts form before function under the circumstances.

///

///

---

[1] Though the Government's April 22 motion did not cite Rule 6 or use the word "discovery", it plainly requested discovery by seeking a declaration from trial counsel.

If Defendant continues to find the waiver objectionable, within 14 days, he may withdraw his IAC allegations made in his § 2255 motion. Failure to do that waives the privilege as set forth in the Court's prior order.

IT IS SO ORDERED.

Dated: **July 10, 2024**

UNITED STATES DISTRICT JUDGE