# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FILIBERTO CHAVEZ<br><br>Defendants. | Case No. 1:17-cr-00198-2-JLT-SKO<br><br>ORDER RE REQUEST FOR EXTENSION OF TIME<br><br>(Doc. 703) |

Filiberto Chavez was convicted of three counts related to the distribution of methamphetamine and two counts related to the promotion of prostitution. (Doc. 458.) The Court sentenced him to a 250-month term of imprisonment, followed by 60 months of supervised release. (Doc. 542.) Chavez appealed (Doc. 547), and the Ninth Circuit Court of Appeals affirmed the judgment. (Doc. 656 (Mandate).) The United States Supreme Court denied Defendant's petition for a writ of certiorari. (*See* Docket No. 61, *United States v. Chavez*, 9th Cir. Case No. 19-10374.)

On October 2, 2023, Chavez filed[1] a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 701 ("§ 2255 Motion")), raising several ineffective assistance of counsel claims, and a motion for an extension of time in which to file a memorandum in support of his §

---

[1] Though Defendant's filing was docketed on October 4, 2023, it is dated and signed October 2, 2023. According to the mailbox rule, the date of signature is presumed to be the date of filing. *See Evans v. Soto*, No. 1:12-CV-01652-LJO, 2013 WL 5179242, at *5 (E.D. Cal. Sept. 13, 2013).

1

2255 Motion. (Doc. 703.) On October 12, 2023, the Court addressed the request for an extension of time as follows:

> To the extent that Defendant is suggesting that the § 2255 Motion already on file can act as a "placeholder" for a future memorandum in support of that Motion, no such procedure exists. Nonetheless, it is possible that a subsequent memorandum may qualify as an amendment to his existing § 2255 Motion. A § 2255 motion may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Generally, under Federal Rule of Civil Procedure 15(a), a § 2255 movant may amend his or her pleading once as a matter of course. Otherwise, under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."
>
> Notwithstanding the liberal standard set forth in Rule 15, amendment of a § 2255 motion generally will not be permitted if the applicable one-year statute of limitations has run. *United States v. Peterson*, No. 1:17-CR-00255-JLT-SKO, 2022 WL 4366707, at *1 (E.D. Cal. Sept. 21, 2022). However, even if the statute of limitations has run, amendments that "relate[ ] back to the date of the original pleading," arising "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," may be permitted. Fed. R. Civ. P. 15(c)(1). An amendment "does not relate back (and thereby escape [the statutory] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Because Defendant has not yet filed the full memorandum, the Court cannot tell which, if any, of these rules will apply to his petition. Nonetheless, because that Defendant has indicated an intent to file such a document, and because the Court has many other matters in the queue before it can turn its attention to this petition, the Court will take no action on his matter for at least 60 days, during which Defendant may file his proposed memorandum.[FN]
>
>> [Footnote] So there is no mistaking the Court's order here, the Court clarifies that it is not finding that any amendment to the petition will be timely if filed within the next 60 days. It is saying only that it lacks sufficient resources to address the petition before that time. Indeed, it may very well be that the Court will determine any amendments are untimely and that the original petition is insufficiently plead.]
>
> To the extent Defendant's motion could be construed as a request for an extension of time to file additional or supplemental claims under 28 U.S.C. § 2255 not covered by the relation back doctrine, that request is **DENIED** without prejudice. Section 2255 provides, in relevant part:
>
>> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

2

>> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2255(f). The Ninth Circuit has held that the statute of limitations contained in § 2255 is subject to equitable tolling. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). For equitable tolling to apply, a defendant must prove that extraordinary circumstances beyond his control made it impossible to file a timely petition, and the extraordinary circumstances were the cause of the untimeliness. *Id.*
>
> Equitable tolling only applies when a defendant has filed a § 2255 Motion after the applicable statute of limitations period has passed. Defendant suggests that he has not yet filed the full memorandum in support of his § 2255 Motion. "A federal court lacks jurisdiction to consider the timeliness of a § 2255 [motion] until a [motion] is actually filed." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). Thus, this Court lacks jurisdiction to consider extending the time for Defendant's filing unless and until such a motion is filed, because there otherwise is no case or controversy within the meaning of Article III of the Constitution. *See Jackson v. Warden at Ironwood State Prison*, No. LA CV 15-06779-VBF(GJS), 2015 WL 5445998, at *2 (C.D. Cal. Sept. 16, 2015); *Leon*, 203 F.3d at 164. Accordingly, because the Court may only consider an equitable tolling showing if presented alongside a late-filed § 2255 Motion or late-filed § 2255 claims, any such request must be denied without prejudice as premature.

(Doc. 704 at 2–3.)

On December 13, 2024, Chavez filed a 15-page memorandum in support of a § 2255 Motion. (Doc. 722.) After obtaining several extensions of time, in part to move for a limited waiver of the attorney client privilege between Chavez and his trial counsel and then to obtain a declaration from counsel, the Government filed an opposition on August 14, 2024. (Doc. 764.) Chavez's reply is currently due September 27, 2024. (*See* Doc. 763.)

On August 26, 2024, Chavez requested an extension of time to file a "memorandum in support" of his § 2255 Motion. (Doc. 767.) Though it is not clear, the Court interprets this as a request for an extension of time to file his reply, as he specifically indicates that the planned filing "will focus exclusively on the claims raised in his tendered § 2255 Motion and will not be used to assert new claims or theories for relief." (*Id.* at 2.) Chavez indicates that he "will address matters not currently in the record and will include exhibits in support." (*Id*. at 3.)[2] He requests an additional 45 days to submit his filing. (*Id*.) Having considered Chavez's representations, the Court finds good cause for an extension.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

(1) Chavez's request for an additional 45 days to file his reply is **GRANTED**. The reply deadline is continued to November 15, 2024.

(2) If the reply contains new evidence, the Government may file a sur-reply on or before December 20, 2024.

IT IS SO ORDERED.

Dated:   **August 29, 2024**

UNITED STATES DISTRICT JUDGE

---

[2] If the reply does expand the record by including new evidence, the Government must be given an opportunity to respond to that new material. *See United States v. Wilson*, No. 1:15-CR-00046-NONE, 2022 WL 64574, at *12 (E.D. Cal. Jan. 6, 2022)

4